FILED

DEC 07 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RUBINO,<br><br>    Plaintiff,<br><br>v.<br><br>KAMALA D. HARRIS, et al.,<br><br>    Defendants. | No. C 14-05553 EJD (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER; SETTING BRIEFING SCHEDULE FOR REMAINING DEFENDANT; ADDRESSING PENDING MOTIONS**<br><br>(Docket Nos. 38, 69 & 75) |

Robert Rubino, a state prisoner at R. J. Donovan Correctional Facility in San Diego County, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. On June 2, 2015, the Court screened Plaintiff's first amended complaint ("FAC") and ordered service on the United States, United States Attorney General Loretta Lynch, and California Attorney General Kamala Harris. (Docket No. 34.) The Court addresses several pending motions below.

## DISCUSSION

A.  **Motion to Transfer**

Defendants United States and Attorney General Loretta Lynch (collectively, "the United States Defendants") move to transfer this matter for improper venue. (Docket No. 38.) Defendant Kamala Harris submits that if transfer is granted, the claims against her

should be severed and remain in this Court. (Docket No. 46.)

Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Because the United States Defendants reside in Washington D.C., venue for the claims against them properly lies in United States District Court for the District of Columbia and not in this one. See 28 U.S.C. § 1391(b). Accordingly, Defendants' motion to transfer is GRANTED. (Docket No. 38.) The claims against the United States Defendants shall be severed from this action and transferred to the United States District Court for the District of Columbia. See 28 U.S.C. § 1406(a).

**B.    Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 69), is DENIED as unnecessary. He has already been granted *pauper* status in this matter. (*See* Docket No. 9.)

**C.    Motion to Compel Production of Discovery**

Plaintiff has filed a motion to compel production of discovery. (Docket No. 75.) The motion is DENIED without prejudice as briefing shall proceed against Defendant Harris in accordance with the schedule set forth below. The parties shall proceed in good faith to comply with relevant discovery requests. Plaintiff may renew is motion to compel in the event Defendant fails to respond.

## CONCLUSION

1.    The United States Defendants' motion to transfer is **GRANTED**. (Docket No. 38.) The claims against the United States Defendants are severed from this action and **TRANSFERRED** to the United States District Court for the District of Columbia.

See 28 U.S.C. § 1406(a). The Clerk shall transfer a copy of the file to the District of Columbia.

2. Plaintiff's motion to proceed in forma pauperis, (Docket No. 69), is **DENIED** as unnecessary. (Docket No. 69.)

3. Plaintiff's motion to compel discovery, (Docket No. 75), is **DENIED** without prejudice.

4. No later than **sixty (60) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims found cognizable against her in the Court's Order of Service (Docket No. 34).

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendant shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 38, 69 and 75.

DATED: 12/4/15

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RUBINO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KAMALA D. HARRIS, et al.,<br><br>　　　　Defendants. | Case No. 5:14-cv-05553-EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/7/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Robert Rubino ID: F61501
    R.J. Donovan Correctional Facility
    480 Alta Rd
    San Diego, CA 92179

Dated: 12/7/2015

    Susan Y. Soong
    Clerk, United States District Court

By: *Elizabeth C Garcia*
Elizabeth Garcia, Deputy Clerk to the
Honorable EDWARD J. DAVILA